CARRASQUILLO *v.* THE REGISTRAR OF PROPERTY.

APPEAL from a decision of the Registrar of Property of San Juan, Section 1.

No. 92.—Decided April 3, 1911.

RECORD—FAILURE TO SPECIFY SUPERFICIAL EXTENT—CURABLE DEFECT.—The failure to specify in the title the superficial extent of an estate constitutes a curable defect which should be noted in the record thereof at the registry of property.

The facts are stated in the opinion.

*Mr. Raul Benedicto* for appellant.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is an administrative appeal taken from a refusal of the registrar to register, without noting an amendable defect, a certain deed setting out consolidation of property and erection of buildings, presented for that purpose on January 11 last. The ruling of the registrar reads as follows:

"The foregoing document has been registered on folio 24 of volume 8 of Santurce, property No. 307, first registration, with the amendable defect that the superficial area of said property is not stated. San Juan, January 23, 1911."

This case is exactly similar to the one of *Pascasia González* v. *The Registrar of San Juan, First Section,* which was decided by this court on February 20 last, with this unimportant difference, that in the former case the registrar refused altogether the registration of the document on account of the amendable defect that the document did not set forth the superficial area of the property sold, and in the present case, although the registration is made, the amendable defect is noted.

The opinion rendered in the case of González, heretofore referred to, clearly determines that the failure to express in the document presented the superficial area of the property is no reason for denying the registration of the same, and that the registration should be made noting the defect.

This is exactly what the registrar did in the present case, and the appellant has no reason to complain of his action in the premises, inasmuch as the officer has followed the directions heretofore given by this court.

We approve the opinion in the González case above mentioned in all its parts, and especially in the last paragraph, in which it says substantially that: We realize the convenience which would arise from having all these registrations to show the superficial area for a better identification of the property and the avoidance of frauds which the omission of such a particular so readily facilitates; but as the law only requires that the superficial area of the property should appear from the inscription when that item is expressed in the title presented, we cannot violate the clear meaning of the law, but we must give it a strict application, reserving to the legislative power the repeal or modification of the same. It is clear that the legislature might very properly provide that all deeds of conveyance and other similar documents should set forth clearly the superficial area of the property involved.

For the reasons stated we must affirm the ruling made in the present matter by the Registrar of Property of San Juan, First Section.

*Affirmed.*

Mr. Chief Justice Hernández, and Justices Wolf, del Toro, and Aldrey concurred.